

3344 Peachtree Road, NE, Suite 800
Atlanta, Georgia 30326
P: (404) 551-4727; F: (404) 551-2816
thekplawgroup.com

Attorney's email: kpitts@kplawgroup.com
Writer's email: ssanders@kplawgroup.com

February 8, 2021

**VIA REGULAR U.S. MAIL & CERTFIED MAIL**
Naira Baindurashvili
1801 Evarts Street, Apt. 83
Philadelphia, PA

RE:   **Jessica Tucker v. Naira Baindurashvili, et. al.**
**Douglas County State Court**
**CAFN: 20SV01060**

Dear Mr. Baindurashvili:

Pursuant to O.C.G.A. § 40-12-2, Georgia Non-Motorist Act, please find enclosed the following documents: A lawsuit has been filed against you and NN Transport, LLC in Douglas County State Court.

1. Summons;
2. Complaint for Damages;
3. Plaintiff's First Interrogatories to Defendant;
4. Plaintiff's First Request for Admissions to Defendant; and
5. Plaintiff's First Request for Production of Documents to Defendant

Thank you for your attention to matter.  If you have any questions or concerns, please do not hesitate to contact our office.

Sincerely
**KP LAW GROUP, P.C.**

*/s/ Kristen M. Pitts*
Kristen M. Pitts
Attorney at Law

EXHIBIT A

20SV01060

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

JESSICA TUCKER,                              )
                                             )
            PLAINTIFF,                        )
                                             )
VS.                                          ) CIVIL ACTION FILE NO.:
                                             )     20SV01060
                                             ) _____
NAIRA BAINDURASHVILI                         )
and NN TRANSPORT, LLC,                       )
                                             )
            DEFENDANTS.                       )
                                             )

### SUMMONS

TO THE ABOVE NAME DEFENDANT:        NAIRA BAINDURASHVILI

    You are hereby summoned and required to file the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

            KRISTEN M. PITTS, ESQ.
            KPLAW GROUP, P.C.
            3344 PEACHTREE ROAD, NE, SUITE 800
            ATLANTA, GA 30326

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This    16th        day of     December
                                                 , 2020.


                            Clerk of Superior/State Court

                            /s/ Tammy M. Howard

                            Deputy Clerk

FILE
12/16/2020 11:06 F
Tammy M. Howard, Cle
Superior & State Cou
Douglas County, G
20SV010(

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JESSICA TUCKER, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) CIVIL ACTION FILE NO.: |
| VS. | ) |
| | )   20SV01060 |
| NAIRA BAINDURASHVILI | ) _____ |
| and NN TRANSPORT, LLC, | ) |
| | ) |
| DEFENDANTS. | ) |

### COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff, **JESSICA TUCKER**, by and through the undersigned counsel,

and hereby files this Complaint for Damages against Defendant **NAIRA BAINDURASHVILI**

**and NN TRANSPORT, LLC,** showing this Honorable Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff Jessica Tucker, ("Plaintiff Tucker") is a citizen and resident of the State of

Georgia.

2.

The incident from which this action arises occurred on or about April 11, 2019, on

Interstate 20 westbound in Douglas County, Georgia.

3.

Defendant Naira Baindurashvili, ("Defendant Baindurashvili") is a citizen and resident of

the State of New Jersey, residing at 220 South Main Street, Apartment A, Milltown, New Jersey

08550. Defendant Baindurashvili may be served pursuant to the Georgia Non-resident Motorist

Act, O.C.G.A. § 40-12-2.

20SV010(

4.

Defendant NN Transport, LLC ("Defendant NN Transport") is a foreign limited liability company registered to conduct business in the State of New Jersey with its principal place of business located at 220 South Main Street, Apartment A, Milltown, New Jersey 08550. Defendant NN Transport may be served through its registered agent for the service of process, Naira Baindurashvili at 220 South Main Street, Apartment A, Milltown, New Jersey 08550.

5.

Jurisdiction and venue are proper before this Court.

## STATEMENT OF THE CASE

6.

On or about April 11, 2019, Plaintiff Jessica Tucker was operating her 2007 Chevrolet Impala and was traveling westbound on Interstate 20 in the middle lane. Defendant Naira Baindurashvili was operating a 2012 Freightliner TT truck, which was owned by his employer, NN Transportation, LLC,  and was also traveling westbound on Interstate 20 in the middle lane. There was construction taking place in the middle lane;, which caused traffic in the middle lane to come to a stop. Defendant Baindurashvili was following the vehicle in front of him too closely, so he changed lanes from the middle lane to the right lane. Suddenly and without any warning, Defendant Baindurashvili changed lanes back from the right lane to the middle lane. As he reentered the middle lane, Defendant Baindurashvili collided with another vehicle on the road. The impact from that collision pushed the third vehicle into Plaintiff Tucker's vehicle, causing a subsequent collision. The actions of Defendant Baindurashvili were so sudden and unexpected that there was no action that could have been taken by Plaintiff Tucker to avoid the collision.

20SV010(

7.

Plaintiff Tucker was injured as a result of this collision caused by Defendant Baindurashvili's negligent operation of her vehicle.

## COUNT I
## NEGLIGENCE

8.

Plaintiff Tucker incorporates the allegations contained in paragraphs 1 through 7 as if set forth fully herein.

9.

Defendant Baindurashvili negligently operated a motor vehicle in complete disregard to other motorists, particularly Plaintiff Tucker, improperly changed lanes, failed to operate his vehicle in a safe and reasonable manner, and negligently failed to operate his vehicle at a safe distance from other vehicles.

10.

Defendant Baindurashvili's negligent conduct directly and proximately caused the collision in question.

11.

Defendant Baindurashvili's negligent conduct directly and proximately caused Plaintiff Tucker to sustain injuries as a result of the subject collision.

12.

As the direct and proximate result of the negligent acts of Defendant Baindurashvili, Plaintiff Tucker suffered injuries, including but not limited to: neck pain, back pain, headaches, a seizure, a concussion, and a herniated lumbar disc.

20SV010(

### 13.

Plaintiff Tucker has incurred medical expenses for the care and treatment of her injuries, as described above, in an amount of at least $23,032.16.

### 14.

Plaintiff Tucker has endured and continues to endure mental and physical pain and suffering, anxiety, shock and worry.

## COUNT II
## NEGLIGENCE PER SE

### 15.

Plaintiff Tucker incorporates the allegations contained in paragraphs 1 through 14 as if set forth fully herein.

### 16.

Defendant Baindurashvili was negligent per se in that he violated statutory provisions; including, but not limited to:

 a. O.C.G.A. § 40-6-180, Basic Rules;
 b. O.C.G.A. § 40-6-241, Failure to Exercise Due Care; and
 c. O.C.G.A. § 40-6-123, Failure to maintain lane.

### 17.

Defendant Baindurashvili's negligence per se directly and proximately caused Plaintiff Tucker to sustain injuries in this collision as described above.

### 18.

As the direct and proximate result of the negligent acts of Defendant Baindurashvili, Plaintiff Tucker suffered injuries, including but not limited to: neck pain, back pain, headaches, a seizure, a concussion, and a herniated lumbar disc.

20SV0106

19.

Plaintiff Tucker has incurred medical expenses for the care and treatment of her injuries, as described above, in an amount of at least $23,032.16.

20.

Plaintiff Tucker has endured and continues to endure mental and physical pain and suffering, anxiety, shock and worry.

## COUNT III
## RESPONDEAT SUPERIOR

21.

Plaintiff Tucker incorporates the allegations contained in paragraphs 1 through 20 as if set forth fully herein.

22.

Defendant Baindurashvili was an employee of NN Transport at the time of the subject collision. The truck Defendant Baindurshavili was operating at the time of the subject incident was owned by NN Transport. Defendant Baindurshavili was acting within the scope of his employment with NN Transport at the time of the subject incident. Therefore, Defendant NN Transport is liable to Plaintiff Tucker via respondeat superior.

23.

As a direct and proximate cause of Defendant NN Transport's negligence by and through its agents and/or employees, Plaintiff Tucker was caused to suffer damages, including physical injury, to wit: neck pain, back pain, headaches, a seizure, a concussion, and a herniated lumbar disc. Defendant's failure also caused Plaintiff to suffer mental and emotional distress.

20SV0101

24.

Plaintiff Tucker has incurred medical expenses for the care and treatment of her injuries, as described, above in an amount of at least $23,032.16.

25.

Plaintiff Tucker has endured and continues to endure mental and physical pain and suffering, anxiety, shock and worry.

## COUNT III
## LOST WAGES

26.

Plaintiff Tucker incorporates the allegations contained in paragraphs 1 through 25 as if set forth fully herein.

27.

As a result of the injuries sustained by Plaintiff Tucker, she was unable to perform her usual work duties and sustained lost wages in an amount not less than $100.00, for which she is entitled to compensation.

## DAMAGES

28.

Plaintiff Tucker incorporates the allegations contained in paragraphs 1 through 27 as if set forth fully herein.

29.

Plaintiff Tucker is entitled to recover damages for the care and treatment of her injuries including past, present, and future medical expenses; past, present, and future mental and physical pain and suffering; lost wages; past and future economic losses; and such other relief as this Court deems just and proper.

20SV010(

30.

Because Defendant Baindurashvili's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff Tucker is entitled to recover her necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action. (O.C.G.A. § 13-6-11). Furthermore, Plaintiff Tucker is entitled to all expenses of litigation and attorney's fees pursuant to all other Georgia Statutory and common laws.

## TRIAL BY JURY

31.

Plaintiff Jessica Tucker demands a trial by jury as provided by law.

**WHEREFORE,** Plaintiff Jessica Tucker prays for a judgment against Defendants Naira Baindurashvili and NN Transport, LLC, for general and special damages as described above together with any further relief this Court deems just and proper.

Dated this <u>16th</u> day of December, 2020.

Respectfully submitted,
**KP LAW GROUP, P.C.**

<u>/s/ Kristen M. Pitts</u>
Kristen M. Pitts, Esq.
Georgia. Bar No.: 629006
Attorney for Plaintiff

3344 Peachtree Road, NE, Suite 800
Atlanta, Georgia 30326
O: (404) 551-4727
F: (404) 551-2816
kpitts@kplawgroup.com

FILE
12/16/2020 11:06 F
Tammy M. Howard, Cle
Superior & State Cou
Douglas County, G
20SV010(

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

JESSICA TUCKER,          )
          )

     **PLAINTIFF,**        )
          )

VS.          ) **CIVIL ACTION FILE NO.:**
          )   20SV01060
          ) _____

NAIRA BAINDURASHVILI          )
and NN TRANSPORT, LLC,          )
          )

     **DEFENDANTS.**        )

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NN TRANSPORT, LLC

COME NOW Plaintiff, JESSICA TUCKER, and pursuant to the Georgia Civil Practice Act, each of you are hereby interrogated and asked to serve within forty-five (45) days from the date of service hereof to the law firm KP Law Group, P,C,, at 3344 Peachtree Rd., NE, Suite 800, Atlanta, Georgia 30326, in the form provided by law, sworn written answers, giving fully and in detail such information as is available to the Defendants in answering these questions.

When used in these Interrogatories, the term "Defendant" or any synonym thereof, is intended to and shall embrace and include, in addition to each Defendant listed above, to each of your attorneys, agents, servants, employees, representatives, private investigators and others who are in possession of, or who may have obtained information for or on your behalf.

You are reminded that you are under a duty seasonably to supplement your responses with respect to any question addressed to:

     (a)    the identity and location of persons having knowledge of discoverable matters;

20SV0100

(b)    the identity of each person expected to be called as an expert witness at trial;

(c)    the subject matter on which said expert is expected to testify;

(d)    the facts upon which the expert bases said opinions; and

(e)    the substance of such expert's testimony.

Objections based on Privilege: In the event that any information, documents, or things requested herein is withheld under a claim of privilege, please provide the following information with respect to each:

(a)    The type of information, document or thing, its general subject matter, the place, and the appropriate date it was gathered, learned, prepared, or created;

(b)    The name, address, phone number and title of each person who prepared, created, learned, or gathered the information, document or thing and the name, address, phone number and title of each person who has received or examined the information, document or thing or copy thereof; and

(c)    A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or to just a part of the information, document or thing.

## INTERROGATORIES

1.

Please provide the full name, home address, home phone number, office phone number, and place of employment for each and every person, firm or entity who answered or assisted in answering these interrogatories.

2.

20SV010(

Does any <u>primary</u> insurance agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiffs in this action?

(a)     If such an insurance agreement or bond does exist, what are the limits of liability contained in the terms of any such agreement?

(b)     If such an insurance agreement or bond does exist, what are the legal names of each and every party to the agreement itself and to any further or subordinate agreement, which in any way relates to the terms of any such agreement?

(c)     What is the amount of any deductible or self-insured retention?

3.

Does any <u>excess</u> insurance, bond or reinsurance agreement exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiffs in this action?

(a)     If such an insurance agreement, bond or reinsurance agreement does exist, what are the limits of liability contained in the terms of any such agreement?

(b)     If such an insurance agreement, bond or reinsurance agreement does exist, what are the legal names of each and every party to the agreement itself and to any further or subordinate agreement which in any way relates to the terms of any such agreement?

(c)     What is the amount of any deductible, minimal underlying limits, or self-insured retention?

4.

If in addition to the policy or policies described in the answers to the foregoing interrogatory, are Defendants aware of any type of excess or umbrella insurance coverage which

20SV010(

would or might cover any judgment that was rendered against the defendant in this case, please give for each policy of insurance the same information as requested in the lettered subparts of the foregoing interrogatory.

5.

Do you, your attorneys, your insurance carriers or anyone acting on your or their behalf have or know of any photographs, motion pictures, maps, plates, drawings, diagrams, videotapes or other tangible or documentary evidence concerning any of the events, happenings, scene of the collision, or the condition of any vehicle (or any part thereof) involved in the collision either before or after the event alleged in this action?  If so, please identify:

(a)     each tangible item's specific subject matter;

(b)     the date if was made or taken;

(c)     the name and address of the person making or taking it;

(d)     what each item purports to show, illustrate or represent; and

(e)     the name and address of each person having custody of such item or items.

6.

Please explain the nature of the employment relationship between you and Defendant Naira Baindurashvili on the day of the collision (lease operator, company driver, temporary driver, owner-operator, etc.) and include the date the relationship began, the date it terminated, and, if applicable, the person from your company involved in any such termination.

7.

State the name and address for the Safety Director, Federal Safety Regulation Compliance Officer, and the dispatcher for your organization who were in the positions named above during any portion of Defendant driver Baindurashvili's  trip which ultimately was

involved in the collision referenced in the Complaint.

20SV010(

8.

As to both the tractor and trailer involved in the collision which Defendant Baindurashvili was operating, please state:

(a)     each manufacturer, make, model number and year;

(b)     the trailer's length and width thereof at the longest and widest portions, respectively;

(c)     the weight of the trailer empty, its carrying capacity, and the gross vehicular weight;

(d)     the name of the entity to whom the tractor and the trailer were titled; and

(e)     the total gross weight of the tractor-trailer at the time of the collision.

9.

In reference to the load being transported at the time of the collision, please identify:

(a)     where the load originated;

(b)     the contents and weight of the load;

(c)     the final destination for the load;

(d)     any contracts signed or entered into pertaining to the transportation of said load; and

(e)     the name, address and phone number of the person or persons employed by the contractor and shipper who was in charge of the load at the place where said load originated.

20SV010I

10.

Please state whether your tractor-trailer contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck.  If so, please state the name and address of the person having custody of the graphs, printouts, raw data or other documentary evidence produced or capable of being produced by said machine regarding any data for any and all parts of the trip which ultimately was involved in the collision which forms the basis of Plaintiff's Complaint.

11.

Were any tests (blood, urine, or other) performed on Defendant Baindurashvili by you, pursuant to state or federal regulation or your own safety policies, at any time during the period commencing 45 days prior to the collision through and including 45 days after the collision?  If so, please state the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms or entities who are in possession of a copy of the results of said tests.

12.

At the time of the collision, did you have any policy or procedure manuals pertaining to the operation of a tractor-trailer such as driver's manuals, company rules, or other tangible materials by whatever name?  If so, provide the name of each such manual.

13.

For each request for admission that you deny, in whole or in part, please state each fact upon which you rely in asserting each such denial.

14.

20SV010(

Please state whether or not Defendant Baindurashvili was employed on the date of the incident which is the subject matter of this suit; and if so, state the name and address of his employer, in what capacity he was employed and for how long a period of time he had been so employed by the employer named.

15.

Please state the names and addresses of all of Defendant Baindurashvili's employers for the last ten years (excepting the employer named in answer to interrogatory number 1, if any); and with respect to each such employer, state the dates of the period of time employed by each such employer.

16.

If Defendant Baindurashvili was employed on the date of the incident, which is the subject matter of this suit, or is presently self-employed, please describe the nature of your business and the inclusive dates said defendant has engaged in that particular occupation, business or profession.

17.

Please state the name and address of the registered owner of the tractor trailer vehicle which is alleged to have collided with the motor vehicle operated by or occupied by Plaintiff Baindurashvili at the time of the incident which is the subject matter of this suit.

18.

Please state whether or not Defendant Baindurashvili has ever been involved in a motor vehicle accident prior to the incident which is the subject matter of this suit. If so, please state:

(a)    The date of each accident;

20SV010(

(b)     The location at which each accident occurred;

(c)     A description of any other motor vehicles involved in each accident; and

(d)     The names of the owner and operator of any other motor vehicles involved in each accident.

19.

Please state whether or not Defendant Baindurashvili has ever been convicted of any moving traffic violation within the past ten years.  If so, state:

(a)     The date, time and place;

(b)     The nature of the violation;

(c)     The name of the court in which the case was heard or in which a plea was entered; and

(d)     The number of points assigned, if any, for the violation.

20.

Please state whether the motor vehicle owned by you or operated by Defendant Baindurashvili at the time of the accident, which is the subject of this suit was damaged in said accident.  If so, state:

(a)     If the vehicle was repaired, the amount of the repair bill; and

(b)     The name and address of the garage, repair shop or service station, which completed the repairs to the vehicle.

21.

Please state whether or not any defendant was charged with any traffic violation as a result of the accident, which is the subject matter of this suit.  If so, state:

(a)     The nature of the charge placed against you;

(b)    The authority making the charge against you; and

(c)    The disposition made of the charges.

20SV010{

22.

On the particular trip during the course of which the accident complained of herein occurred, what was Defendant Baindurashvili's point and time of departure, intended destination and purpose of the trip?

23.

Please state whether Defendant Baindurashvili was under a physician's care at the time of the incident; and if so, for what purpose and give the physician's name and address.

24.

Please state whether you, your attorneys, agents or investigators or anyone acting on your or their behalf obtained statements in any form from any persons regarding any of the events or happenings that occurred at the scene of the accident referred to in the complaint immediately before, at the time of or immediately after said accident.  If so, please state:

(a)    The name and address of the person from whom any such statements were taken;

(b)    The dates on which such statements were taken;

(c)    The names and addresses of the persons who took such statements; and

(d)    The names and addresses of the persons having custody of such statements.

20SV010€

25.

Please state the names and addresses or information sufficient for the location of each and every person known or reasonably believed by you or known by your attorneys, agents or investigators to have been eyewitnesses to the incident described in the Complaint herein.

26.

Please state the names and addresses or information sufficient for the location of each and every person known or reasonably believed by you or known by your attorneys, agents or investigators to have knowledge of any facts relevant to the incident, which is the subject matter of this suit.

27.

Please state the names and addresses or information sufficient for the location of each and every person known or reasonably believed by you or known by your attorneys, agents or investigators to have possession of any photographs, diagrams or plats pertaining to this controversy.

28.

Please state the names and addresses or information sufficient for the location of each and every person known or reasonably believed by you or known by your attorneys, agents or investigators to have made or taken any photographs of:

(a)    The scene of the accident;

(b)    Any of the vehicles involved in the accident; and

(c)    The effects of any injuries suffered by the plaintiff.

29.

Please state the names and addresses or information sufficient for the location of

20SV010(

each and every person known or reasonably believed by you or known by your attorneys, agents or investigators to have heard Plaintiff Baindurashvili make any statement, remark or comments concerning the incident alleged in the Complaint herein.

30.

Did Defendant Baindurashvili consume any sedative, tranquilizers or other drugs and medicines during the 72-hour period immediately preceding the happening of the incident herein complained of?   If so, please state an identification of the nature and type of such medication and the amount of time over which consumed.

31.

Did Defendant Baindurashvili consume any alcoholic beverages of any type during the 24-hour period immediately preceding the occurrence of the incident?  If so, specify:

(a)    The nature and amount of such alcoholic beverages and the time over which and place at which consumed; and

(b)    The name and address of all persons with whom Defendant Baindurashvili was drinking.

32.

At the time of the incident referred to in the Complaint, was Defendant Baindurashvili  wearing any prosthetic device, brace, cast or appliance?

33.

Please state the name and address of each person expected by you, your attorneys or any representative of yours to testify as an expert witness during the trial of this matter.

34.

Please state whether any of the experts listed in answer to the foregoing

interrogatory have rendered any reports, either written or oral, concerning any facts or opinions involving any of the issues in this case.

20SV010(

35.

If the answer to the foregoing interrogatory is in the affirmative, please state:

(a)     The name of the expert(s) and the issues about which he/she has formed or expressed an opinion;

(b)     Whether the opinion or report of the expert was oral or written and the date upon which said opinion or report was given, and if written, the name and address of the person(s) having said report or any copy thereof in his/her possession and control;

(c)     The fact(s) determined and the opinion(s) formed or expressed by each expert; and

(d)     The substance of the facts relied upon by said expert in arriving at his/her opinion(s).

36.

Identify every act by which you claim the plaintiff unreasonably exposed himself to a foreseeable risk of injury.

37.

If you have raised any affirmative defenses in your Answer to the Complaint, state the factual and/or legal basis for each defense, while noting the requirement in Rule 3.1(b) of the Georgia Rules of Professional Conduct, which provides that a lawyer shall not knowingly advance a defense that it unwarranted under existing law or that cannot be supported by a good faith argument.

20SV010

### 38.

Does the defendant have in its possession or under its control any medical reports, communications, or written material not heretofore disclosed relating to the Plaintiff's medical condition prior to the accident involved in this case? If so, identify the nature of each record, communication and written information, its author or writer, and the date thereof.

### 39.

Does the defendant have in its possession or under its control any medical reports, communications or written material not heretofore disclosed relating to the Plaintiff's medical condition subsequent to the accident involved in this case? If so, identify the nature of each record, communication and written information, its author or writer and the date thereof.

### 40.

Identify every other act or event which supports each affirmative defense that you raise.

### 41.

Identify every other act, statement, document or event which supports any asserted contention that Plaintiff contributed or caused any part of the collision made subject of the Plaintiff's Complaint.

## REQUEST FOR PRODUCTION OF DOCUMENTS

The above-named Defendants are hereby requested to produce the following described documents pursuant to the Georgia Civil Practice Act and are hereby requested to comply therewith by producing all such requested documents to counsel for the Plaintiff on the 45th day following service hereof upon you, at 10:00 a.m. at the law offices of KP Law Group,

LLC, 3344 Peachtree Rd., NE, Suite 800, Atlanta, Georgia 30326.

20SV010

1.

A copy of the MC-50 B or T prepared as a result of this collision.

2.

A copy of the "accord" statement you filed with any insurance carrier to advise them of the collision described in the Complaint, any claim for property damage, or for any other claims involved herein.

3.

Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this collision.

4.

Any and all documents pertaining to the load being carried at the time of the collision, including, but not limited to, bills of lading, contracts, toll receipts, food receipts, and fuel receipts.

5.

Defendant Baindurashvili's complete application for employment, including, but not limited to, the application required under Federal Motor Carrier Safety Regulations of the U. S. Department of Transportation, Part 391.21.

6.

Your complete personnel or employment file concerning Defendant Baindurashvili.

20SV010I

7.

Defendant Baindurashvili's qualifications file, including, but not limited to, the file required under Federal Motor Safety Regulations of the U. S. Department of Transportation, Part 391.51.

8.

Inquiries and responses to state driving agencies and prior employees of Defendant Baindurashvili made pursuant to the Federal Motor Carrier Safety Regulations of the U. S. Department of Transportation, Part 391.23.

9.

Inquiries and responses concerning annual reviews of driving records and records of violations regarding Defendant Robert Lee West, made pursuant to the Federal Motor Carrier Safety Regulations of the U. S. Department of Transportation, Part 391.25 and 391.27.

10.

Logs and records commonly known as "Driver's Daily Logs," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs" concerning Defendant Baindurashvili for the period commencing one (1) month prior to the collision described in the Complaint to and including thirty (30) days after the date of the collision described in the Complaint. (See, Federal Motor Carrier Safety Regulations of the U. S. Department of Transportation, Part 395.8.

11.

Results of tests administered to Defendant Baindurashvili pursuant to the Federal Motor Carrier Safety Regulations of the U. S. Department of Transportation, Part 391.31, 391.35, 391.41, and 391.43 pertaining to road tests, written exams and medical exams, respectively.

20SV0106

12.

Any and all results of any random, "reasonable cause," pre-employment, biennial, and post-accident drug testing pursuant to 49 C.F.R. §391, state regulation, or company policy of the driver of your vehicle.

13.

Any and all call-in reports or "accident call records" generated pertaining to this collision.

14.

The original raw data and copies of any and all printouts of any on-board recording device, any on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the tractor trailer for the period commencing thirty (30) days before the collision through and including ten (10) days after the collision.

15.

Copies of any and all daily vehicle inspection reports concerning the subject tractor  trailer involved in the collision for the sixty (60) days prior to the collision, through and including the ten (10) days after the collision.

16.

All claim forms and correspondence concerning this collision from the owner of the property being transported by you at the time of the collision.

17.

Copies of all documents, correspondence and reports sent to or received from any federal, state or local regulatory agency pertaining to this collision.

20SV0106

18.

Copies of all "com-checks," checks, drafts, fuel tax receipts, toll receipts, food receipts, and other documentation for the particular trip wherein the collision occurred commencing from the initial starting point until the time of the collision.

19.

Copies of all driver's manuals, company manuals, and other materials pertaining to company, federal or state rules in effect at the time of the collision described in Plaintiff's Complaint.

20.

Copies of all documents and tangible items identified, referred to, reviewed, or known to be in existence in any Defendant's responses to Plaintiff's interrogatories.

21.

Please produce any medical records, communications, or written material relating to Plaintiff's medical condition either prior to and/or subsequent to the accident involved in this case that Defendant has in its possession or control now or at any point and time in the future.

Dated this 16th day of December, 2020.

**KP LAW GROUP, P.C.**

_/s/ Kristen M. Pitts_____
Kristen M. Pitts, Esq.
Georgia Bar No: 629006
Attorney For Plaintiff

3344 Peachtree Rd., NE
Suite 800
Atlanta, Georgia 30326
T: (404) 551-4727
F: (404) 551-2816
kpitts@kplawgroup.com